IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-80 |
| | ) | |
| HOWARD COFFEY, | ) | (PHILLIPS/SHIRLEY) |
| MELISSA ARWOOD, | ) | |
| RICHARD ARWOOD, | ) | |
| TABITHA LINDSEY, and | ) | |
| SHEILA SHROPSHIRE, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 30, 2011, for a hearing on the Defendant Melissa Arwood's Motion to Continue [Doc. 36], filed on August 16, 2011, Defendant Richard Arwood's Motion to Continue [Doc. 39], filed on August 17, 2011, Defendant Lindsey's Motion to Continue [Doc. 40], filed on August 17, 2011, and Defendant Coffey's Defendants Motion to Continue [Doc. 41], filed on August 17, 2011. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. The following defense counsel were present, along with their clients: Attorney Russell T. Greene, representing Defendant Howard Coffey, Attorney Jonathan S. Wood, representing Defendant Melissa Arwood, Attorney Charles I. Poole, representing Defendant Richard Arwood, and Attorney Stephen M. Kissinger, representing

1

Tabitha Lindsey. Attorney Michael P. McGovern represented Defendant Sheila Shropshire, who was not present.

In their motions, Defendants Coffey, Melissa Arwood, Richard Arwood, and Tabitha Lindsey ask the Court to continue the August 31, 2011 trial date in this case because counsel need additional time to prepare the case for trial. Each motion states that counsel has discussed the speedy trial implications of this extension with the respective Defendants. At the hearing, Attorney McGovern moved orally on behalf of Defendant Shropshire to join in the motions for continuance and stated that he has discussed the speedy trial implications of this extension with her. The Defendants expressed at the hearing that additional time for trial and general case preparation is required in light of the addition of a new co-defendant, Defendant Mary Ann Knipp, who will not initially appear for arraignment until September 29, 2011, at 1:30 p.m. The Government had no objection to the requested continuance. The parties agreed to a new trial date of February 28, 2012.

The Court finds the motions for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendants Melissa Arwood, Richard Arwood, and Tabitha Lindsey initially appeared for arraignment in this case on July 5, 2011. Defendant Coffey made his initial appearance for arraignment in this case on July 6, 2011, and Defendant Shropshire made her initial appearance for arraignment on July 7, 2011. Each of those Defendants was released on conditions pending trial in this matter [Doc. 7, Doc. 10, Doc. 27, Doc. 30, and Doc. 38]. A Writ of Habeas Corpus as Prosequendum was not issued as to Defendant Knipp until August 19, 2011, and she will not make an initial appearance for arraignment before this Court until September 29, 2011 [Doc. 43]. The addition of Defendant Knipp may bring new discovery, which counsel will

require additional time to review, after obtaining it from the Government, to consult with the Defendants regarding the filing of additional pretrial motions. Attorney Poole also raised the issue that he has thus far only received discovery related to Defendant Richard Arwood's state charges and that additional discovery may be forthcoming from the Government with relation to his case. In light of the amount of preparation remaining, the Court finds that the Defendants could not be ready for trial by August 31, 2011, or in less than six months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendants of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to a co-defendant, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id. In this case, Defendant Knipp will not intially appear for arraignment for another month, and no severance motion has been filed or granted in this case. Thus, Defendant Knipp's time for speedy trial purposes will not begin running until September 29, and the time excluded as to Defendants Melissa Arwood, Richard Arwood, Lindsey, and Shropshire, will be excludable as to Defendant Knipp as well. See United States v. Sobh, 571 F.3d 600, 602-03 (6th Cir. 2009).

Accordingly, Defendant Melissa Arwood's Motion to Continue **[Doc. 36]**, Defendant Richard Arwood's Motion to Continue **[Doc. 39]**, Defendant Lindsey's Motion to Continue **[Doc. 40]**, Defendant Coffey's Defendants Motion to Continue **[Doc. 41]**, and Defendant Shropshire's oral motion to continue are **GRANTED**. The trial of this matter is reset to **February 28, 2012**. A new motion cut-off deadline is set for **October 28, 2011**, with responses due by **November 14, 2011**. The Court also finds that all the time between the filing of Defendant Melissa Arwood's Motion to Continue on **August 16, 2011**, and the new trial date of **February 28, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). Both the Defendants' reciprocal discovery deadline and a pretrial conference before the undersigned are set for **November 22, 2011, at 9:30 a.m.** The plea negotiation cut-off deadline is set for **February 14, 2012**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **February 13, 2012**. Special request for jury instructions shall be submitted to the District Court no later than **February 17, 2012**, and shall be supported by citations to authority

4

pursuant to Local Rule 7.4.

      Accordingly, it is **ORDERED**:

(1) Defendant Melissa Arwood's Motion to Continue **[Doc. 36]**, Defendant Richard Arwood's Motion to Continue **[Doc. 39]**, Defendant Lindsey's Motion to Continue **[Doc. 40]**, Defendant Coffey's Defendants Motion to Continue **[Doc. 41]**, and Defendant Shropshire's oral motion to continue are **GRANTED**;

(2) The trial of this matter is reset to commence on **February 28, 2012**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Defendant Melissa Arwood's Motion to Continue on **August 16, 2011**, and the new trial date of **February 28, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Both the Defendants' reciprocal discovery deadline and a pretrial conference before the undersigned are set for **November 22, 2011, at 9:30 a.m.**;

(5) The plea cut-off deadline in this case is **February 14, 2012**;

(6) Pretrial motions shall be filed by **October 28, 2011**, with responses due by **November 14, 2011**;

(7) Motions *in limine* must be filed no later than **February 13, 2012**; and

(8) Special requests for jury instructions with the appropriate citations to authority shall be submitted to the District Court no later than **February 17, 2012**.

**IT IS SO ORDERED.**

      ENTER:

        s/ C. Clifford Shirley, Jr.
      United States Magistrate Judge